# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JENNIFER GOLDSTEIN AND KEVIN O'MALLEY, | ) ) ) | |
| | ) | C.A. No. N21C-12-069 MAA |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) | |
| BGC HOLDINGS, L.P., BGC GP, LLC, BGC FINANCIAL, L.P., and BGC PARTNERS, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

Submitted: July 22, 2022
Decided: October 12, 2022

*Upon Defendants' Motion to Dismiss:*
**GRANTED.**

**<u>MEMORANDUM OPINION</u>**

William R. Firth, III, Esquire, of COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C., Wilmington, Delaware, and Michael J. Maloney, Esquire (Argued), of FELICELLO LAW, P.C., New York, NY, Attorneys for Plaintiff.

C. Barr Flinn, Esquire, Esquire, Paul J. Loughman, Esquire, and Alberto E. Chávez, Esquire, of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware, and Nirav S. Shah, Esquire (Argued), of CANTOR FITZGERALD, L.P., New York, NY, Attorneys for Defendant.

**Adams, J.**

1

This is a civil action for damages arising from an alleged wrongful refusal to redeem limited partnership interests. Defendants moved to dismiss Plaintiffs' Complaint pursuant to Superior Court Civil Rules 12(b)(1), 12(b)(3), and 12(b)(6). Defendants argue primarily that Plaintiffs' claims are time-barred under the statute of limitations. For the reasons explained below, the Court holds that Plaintiffs' claims are barred by the statute of limitations. The Court, therefore, **GRANTS** Defendants' Motion to Dismiss for all claims in Plaintiffs' Complaint.

I.      **Background**

   A. **Statement of Facts**

      i. *Plaintiffs' Employment at BGC Financial*

Plaintiffs Jennifer Goldstein and Kevin O'Malley are former employees of BGC Financial, L.P. ("BGC Financial"),[1] a financial services company registered with the Financial Industry Regulatory Authority ("FINRA"). BGC Financial is indirectly owned by the Partnership. While employed at BGC Financial, Plaintiffs received compensation in the form of equity interests ("Partnership Units") in the Partnership as part of BGC Financial's deferred compensation plan.

In January 2015, Plaintiffs commenced FINRA arbitration proceedings against BGC Financial for sexual harassment, discrimination, and hostile work

---

[1]     The remaining defendants in this case are: BGC Holdings, L.P. (the "Partnership"), BGC Partners, Inc. (the "Public Company"), BGC GP, LLC and (the "General Partner").

2

environment. BGC Financial terminated Plaintiffs' employment in June 2015. Plaintiffs allege this termination was in retaliation for Plaintiffs' complaints against BGC Financial.

### ii. *The Partnership Units and Partnership Agreement*

The Partnership Units are governed by the Partnership Agreement. The Partnership Agreement provides that upon termination, the Partnership is obligated to redeem the Partnership Units for cash or convert the units into shares in the Public Company.[2]

After BGC Financial terminated Plaintiffs, Dyanne Rosado, the Public Company's Deputy Director of Human Resources, purportedly told Plaintiffs that Defendants "would exercise their discretion to permit Plaintiffs to convert their Partnership Units into common stock of BGC Partners" over a four-year period and that Defendants would send an agreement with these terms.[3]

Plaintiffs, "[i]n good faith reliance" upon Ms. Rosado's statements, first requested a conversion of their Partnership Units in 2016.[4] Defendants, however,

---

[2]     Partnership Agreement Section 12.02(j)(i-ii).
[3]     Dkt. 1 Complaint ("Compl.") ¶ 43.
[4]     *Id.* ¶44. The parties, during both briefing and oral argument, switch between a discussion of the Plaintiffs' request for a "conversion" and a request for "redemption" of the Partnership Units. For purposes of this decision, the Court will accept as true the well-pleaded allegations in the Complaint. No matter the description, Plaintiffs claims are still barred by the statute of limitations for the reasons stated herein.

did not redeem Plaintiffs' Partnership Units.[5]  Plaintiffs then raised this issue in the pending FINRA arbitration against BGC Financial and sought an order directing the Partnership to redeem Plaintiffs' Partnership Units.

### iii.  *FINRA Arbitration Award*

In March 2019, the FINRA arbitration panel found BGC Financial liable to Plaintiffs on their claims of hostile work environment and retaliation and awarded them compensatory damages (the "FINRA Award").[6]  The panel declined to rule on Plaintiffs' redemption claims, agreeing with BGC that "any claims regarding deferred compensation must be brought against BGC Holdings, L.P., an entity that was not named and is not a FINRA registered entity that was subjected to jurisdiction in this arbitration."[7]

### iv.  *District Court Filing*

On September 4, 2020, Plaintiffs filed a complaint in the United States District Court for the District of Delaware asserting the same claims as those asserted before this Court.  In their federal action, Plaintiffs also raised a retaliation claim pursuant to Title VII of the Civil Rights Act of 1964.  On August 11, 2021, the District Court dismissed Plaintiffs' Title VII claim pursuant to the statute of limitations.  On

---

[5]     *Id.*
[6]     Dkt. 14 Defs.' Op. Br. Motion to Dismiss, Ex. B.
[7]     *Id.*

September 15, 2021, the District Court dismissed Plaintiffs remaining claims for lack of jurisdiction. Plaintiffs then commenced the instant litigation in this Court.

**B. Procedural History**

Plaintiffs filed their Complaint on December 9, 2021 seeking relief for Defendants' failure to redeem Plaintiffs' Partnership Units. In their Complaint, Plaintiffs assert seven separate claims for relief:

i. declaratory judgment against all Defendants (Count I);

ii. breach of contract against the Partnership (Count II);

iii. breach of the covenant of good faith and fair dealing against the Partnership (Count III);

iv. breach of fiduciary duty against the General Partner (Count IV);

v. civil conspiracy against BGC Financial, the General Partner, and the Partnership (Count V);

vi. aiding and abetting against BGC Financial, the General Partner, and the Partnership (Count VI); and

vii. breach of contract against all Defendants (Count VII).

On February 3, 2022, Defendants moved to dismiss the Complaint pursuant to Superior Court Civil Rules 12(b)(1), 12(b)(3), and 12(b)(6). Defendants submitted their opening brief in support of the motion on March 21, 2022. Plaintiffs

filed their answering brief in opposition on May 5, 2022. Defendants filed their reply brief on June 3, 2022.

On July 22, 2022, the Court heard oral argument on Defendants' Motion to Dismiss and took the motion under advisement.

## II. Standard of Review

### A. Rule 12(b)(1) and 12(b)(3)

The Court will dismiss an action pursuant to Superior Court Civil Rule 12(b)(1) if the Court does not have subject matter jurisdiction over the plaintiff's claims.[8] The plaintiff bears the burden of establishing the Court's subject matter jurisdiction.[9] To prevail, a movant need only show that the Court lacks jurisdiction.[10] Even if the Court has subject matter jurisdiction over the claim, the Court may grant dismissal pursuant to Superior Court Civil Rule 12(b)(3) on the basis of improper venue.[11]

### B. Rule 12(b)(6)

A party may move to dismiss pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[12] Upon a 12(b)(6)

---

[8] *Airbase Carpet Mart, Inc v. AYA Associates, Inc.*, 2015 WL 9302894, at *2 (Del. Super. Dec. 15, 2015) (citing Super. Ct. Civ. R. 12(b)(1)).

[9] *Id.* (citing *Ropp v. King*, 2007 WL 2198771, at *2 (Del. Ch. July 25, 2007)).

[10] *Airbase Carpet Mart*, 2015 WL 9302894, at *2.

[11] *See* Super. Ct. Civ. R. 12(b)(3).

[12] Super. Ct. Civ. R. 12(b)(6).

motion to dismiss, the Court (1) accepts all well-pleaded factual allegations as true, (2) credits vague allegations if they give the opposing party notice of the claim, (3) draws all reasonable inferences in favor of the non-moving party, and (4) denies dismissal if recovery on the claim is reasonably conceivable.[13] The Court need not accept conclusory allegations of fact or law.[14] The Court should grant dismissal if "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[15]

Generally, for a 12(b)(6) motion to dismiss, the complaint defines the "universe of facts" the Court may consider.[16] The Court may, however, consider documents outside the pleadings when they are integral to plaintiff's claim and incorporated into the complaint, or subject to judicial notice and not relied upon to prove the truth of its contents.[17]

---

[13] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

[14] *Cantatore v. Univ. of Del.*, 2021 WL 2745107, at *2 (Del. Super. June 30, 2021) (quoting *Gelfman v. Weeden Invs., L.P.*, 792 A.2d 977, 984 (Del. Ch. 2001)).

[15] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1023 (Del. Super. 2021) (internal quotation marks omitted).

[16] *In re General Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

[17] *Windsor I, LLC v. CWCap. Asset Mgmt. LLC*, 238 A.3d 863, 873 (Del. 2020).

### III. Analysis

#### A. The Court Lacks Subject Matter Jurisdiction over Plaintiffs' Breach of Fiduciary Duty Claim

At the outset, the Court dismisses Count IV of Plaintiffs' Complaint, a breach of fiduciary duty claim, for lack of subject matter jurisdiction. Though Defendants have not contested Count IV on these grounds, the Court may *sua sponte* question its own jurisdiction at any time.[18] The Court of Chancery has exclusive jurisdiction over breach of fiduciary duty claims. Thus, this Court lacks subject matter jurisdiction over Count IV.

#### B. Statute of Limitations

##### i. *Plaintiffs' claims are time-barred*

Plaintiffs' Complaint is barred by the statute of limitations. The Court does not need to determine whether the one-year statute of limitations pursuant to 10 *Del. C.* § 8111 for wages for work already performed or the three-year statute of limitations for breaches of contract pursuant to 10 *Del. C.* § 8106 governs Plaintiffs' claim. Under either statute of limitations, Plaintiffs' claims are untimely.

Plaintiffs' claims accrued in October 2016 at the latest, when Plaintiffs allege Defendants wrongfully refused to redeem Plaintiffs' Partnership Units. Plaintiffs

---

[18] *KT4 Partners LLC v. Palantir Technologies Inc.*, 2021 WL 2823567, at *24 (Del. Super. June 24, 2021) (citing *B/E Aerospace, Inc. v. J.A. Reinhardt Holdings, LLC*, 2020 WL 4195762, at *2 (Del. Super. July 21, 2020) (internal quotation marks and citation omitted)).

did not file their complaint in the District of Delaware until September 2020. Thus, even if the Court determined that Plaintiffs' claims were subject to a three-year statute of limitations, Plaintiffs' action is still time-barred.

### ii. *No tolling exception applies*

No tolling exception applies. At the latest, Plaintiffs' claim expired in October 2019. Neither the FINRA arbitration nor any other circumstances warrant tolling the statute of limitations. The extraordinary circumstances discussed in *IAC/InterActiveCorp. V. O'Brien*[19] and *Levey v. Brownstone Asset Management, LP*,[20] cited by Plaintiffs, are not present here.[21]

---

[19] 26 A.3d 174 (Del. 2011). In *IAC*, the Supreme Court of Delaware considered the following factors as "unusual conditions or extraordinary circumstances:" (1) whether the plaintiff had been pursuing his or her claim, through litigation or otherwise, before the statute of limitations expired; (2) whether the delay in filing suit was attributable to a material and unforeseeable change in the parties' personal or financial circumstances; (3) whether the delay in filing suit was attributable to a legal determination in another jurisdiction; (4) the extent to which the defendant was aware of, or participated in, any prior proceedings; and (5) whether, at the time this litigation was filed, there was a *bona fide* dispute as to the validity of the claim. *IAC*, 26 A.3d at 178.

[20] 76 A.3d 764 (Del. 2013).

[21] In this action, unlike in *Levey*, nothing prevented Plaintiffs from filing a lawsuit against the Partnership in Delaware while the FINRA arbitration was pending. There is no dispute that the Partnership was not a party to the FINRA arbitration, is not a FINRA member, and is not subject to FINRA's jurisdiction. As such, the Partnership would be greatly prejudiced if Plaintiffs were permitted to pursue their untimely lawsuit against the Partnership.

Plaintiffs failed to file their Complaint within the statute of limitations, and the Court dismisses the Complaint as time-barred. [22]

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is Granted.

**IT IS SO ORDERED.**

*/s/ Meghan A. Adams*
_____
**Meghan A. Adams, Judge**

---

[22] Plaintiffs also made a reference to the Delaware Saving Statute, 10 *Del. C.* § 8118, in their Answering Brief. Plaintiffs did not discuss the Savings Statue during oral argument. The Delaware Savings Statute also does not apply, however, because Plaintiffs did not pursue their claim against the Partnership before the statute of limitations expired. *See Allstaff, Inc. v. Wilmington Trust Co.*, 16 A.3d 937 (TABLE), 2011 WL 780757, at *3 (Del. Mar. 7, 2011) (discussing the six applicable exceptions to the statute of limitations under the Savings Statute).